UNION FREE SCHOOL DISTRICT No. 14 OF TOWN OF HEMPSTEAD, NASSAU COUNTY, Plaintiff, *v.* VILLAGE OF HEWLETT BAY PARK et al., Defendants.

Supreme Court, Special Term, Nassau County, December 15, 1950.

*Eugene R. Hurley* for defendants.

*Meyer Robins* for plaintiff.

STODDART, J. The defendant moves to dismiss the complaint on two grounds: (1) that the plaintiff has no legal right to maintain an action for a declaratory judgment, and (2) that the complaint does not state facts sufficient to constitute a cause of action.

The complaint reveals the following facts which must be deemed to be true on this motion. The defendant village in 1949 by an amendment to its ordinances, excluded the erection of any schools within the borders of the village. At a special meeting of the qualified voters of the plaintiff district on July 13, 1950, the plaintiff was authorized to acquire certain premises within the village as a school site. The voters also authorized the plaintiff to commence an action to have the zoning ordinance declared invalid. Pursuant to the authorization, the plaintiff has contracted to purchase land within the village with the option to withdraw from the contract if the ordinance be declared valid.

The plaintiff, under the Education Law, has the right to acquire school sites when authorized by its voters (Education Law, § 416). It may acquire such sites by purchase or by condemnation (Education Law, § 404). It has pleaded that a contract of purchase was entered, and whether or not it may withdraw from that contract, it is a party who may maintain an action attacking a zoning ordinance. In the case *Matter of Hickox* v. *Griffin* (274 App. Div. 792) it was written of Long Island University which had entered a similar contract with respect to property located within the town of Oyster Bay, that it was the equitable owner of the property and as such was a " party aggrieved " with the right to apply for a variance of the zoning ordinance. There is no need for the plaintiff to seek the variance of an ordinance which it believes to be invalid in its entirety (*Dowsey* v. *Village of Kensington,* 257 N. Y. 221). In fact, the plaintiff could not obtain a variance for it could not prove that any hardship was not self imposed. " One who • • • knowingly acquires land for a prohibited use, cannot

thereafter have a variance on the ground of ' special hardship ' ". (*Matter of Clark* v. *Board of Zoning Appeals of Town of Hempstead,* 301 N. Y. 86, 89.)

As the plaintiff is an official body to whom the education of the youth of the district has been entrusted by the State by special statute, I do not believe that the defendant village, whose territory is within the school district, may by the exercise of zoning powers conferred upon it by section 175 of the Village Law, defeat or obstruct the plaintiff in the performance of its State function. " The authority of a municipality to abrogate State law is never implied or inferred. It is only derived from express grant, never from a general grant of power. A State policy may not be ignored by a municipality unless it is specifically empowered to do so in terms clear and explicit." (*Jewish Consumptives' Relief Soc.* v. *Town of Woodbury,* 230 App. Div. 228, 234.)

In support of my conclusion that the plaintiff has merit to its complaint, quotations may be taken from a recent opinion of the Court of Appeals which neither attorney cited. In *Matter of Concordia Collegiate Inst.* v. *Miller* (301 N. Y. 189), a similar situation is revealed. The petitioner alleged (p. 193) that an ordinance of the Village of Bronxville " virtually bars schools * * * from the village," and the court wrote (pp. 195–196): " In the case now before us, we are not dealing with billboards or garages or other offensive uses in connection with which consent provisions may be proper, but with an *educational use which is clearly in furtherance of the health, safety, morals and general welfare of the community, and is under the direct supervision, care and concern of the State itself. Zoning ordinances must find their justification in the police power exercised in the interest of the public.*" (Italics supplied.) And again, on page 197, the court wrote of an earlier amendment to the Bronxville ordinances: " It recognized an educational use as harmonious with public interest and who indeed could consider it otherwise ". The ordinance therein was declared invalid.

Accordingly, as I believe the plaintiff has a meritorious cause of action and has also the right to maintain that action, the motion is denied.

Settle order on notice.