LONG ISLAND UNIVERSITY, Plaintiff, v. HARRY TAPPAN et al., Constituting the Town Board of the Town of Oyster Bay, et al., Defendants.

Supreme Court, Special Term, Nassau County, April 23, 1952.

*Francis A. McGrath* for plaintiff.

*Theodore V. Summers* for Harry Tappan and others, constituting the Town Board of the Town of Oyster Bay, defendants.

*W. Shelby Coates, Jackson A. Dykman* and *Augustus J. Wheeler* for Thomas H. Choate and others, constituting the Village Board of Trustees of the Village of Brookville, defendants.

*J. Oakey McKnight* for Village of Old Westbury, *amicus curiæ.*

C. A. JOHNSON, J. This action, originally brought to restrain the annexation of territory to the village of Brookville, has, by virtue of events transpiring since its inception, been transmuted into an action for a declaratory judgment. It is the latest step in the resistance of certain residents of the town of Oyster Bay to the endeavors of the plaintiff, Long Island University, a domestic educational corporation chartered by the Regents of the University of the State of New York, to establish its campus and buildings in that township. This project, commenced in 1947, was initiated by an attempt to secure from the Town of Oyster Bay a zoning variance assumed to be necessary for the use of the land involved herein for a university campus and buildings. This effort was finally defeated by the decision of the Court of Appeals in *Matter of Hickox* v. *Griffin* (298 N. Y. 365). Subsequent to that litigation,

the university acquired title to the tract of land involved, has sold a portion of it for private development, and still seeks to establish itself upon the remainder.

In October, 1951, it sought and obtained from the Town of Oyster Bay a certificate of occupancy for the use of the premises as a school, library, study hall and office of the dean. At about the same time, the town board amended the town zoning ordinance and, pursuant to the terms of the amended ordinance, the university received on November 1, 1951, a certificate of occupancy of said premises for a college and university with usual campus facilities. All of these steps were resisted by those residents opposed to the entrance of the university into the town; and at the same time this group, seeking, no doubt, a further means to prevent the accomplishment of the university's purpose, instituted a proceeding under section 348 of the Village Law to annex to the village of Brookville a tract of land including the university's property. A petition for that purpose was presented to the town authorities on November 5, 1951. This action was then begun to restrain the town board from acting upon the petition on grounds that will be hereinafter considered.

A motion for a temporary injunction was made and denied, the court declaring that the petitioner could sustain no harm pending the trial that cannot be remedied by a judgment in its favor by the trial justice. Thereafter a hearing was held by the town board as required by section 348 of the Village Law. Objections were filed at that hearing; these were disregarded and the town board's consent to the annexation was given; and that annexation was declared completed by the Secretary of State on January 23, 1952.

Thereupon the Village of Brookville adopted amendments to its zoning ordinance calculated to prevent the continuance of the university in the village and invoked against the university the provisions of its building code. At the trial it was permitted to intervene in the action and to amend the defendant trustees' answer to plead a counterclaim and cross complaint detailing the facts above set forth and praying judgment restraining the use of the property as a university and declaring the rights and legal relations of the parties to the action. Testimony was taken, and voluminous documentary proof presented.

The court is accordingly called upon to decide first, whether the annexation is valid and effective; secondly, the rights of the several parties in the premises.

The plaintiff contends that section 348 of the Village Law is an unconstitutional delegation of legislative power and an unconstitutional taking of property without due process. These contentions, the court rejects. The creation of villages and the extension of their corporate areas is a political matter, provision for which may be made by general laws, such as the Village Law. The consent of residents or property owners affected by alterations in the political status of territory in which they are interested may lawfully be made a condition under such general laws (2 McQuillin on Municipal Corporations, pp. 296, 298).

It does appear that the petition for annexation here under attack was alleged by the complaint herein to be signed by the owners of less than a majority of the assessed valuation within the area. By paragraph 23d of the complaint, it is alleged that the total assessment of the area affected was $2,039,110; and that the assessed value of property owned by signers of the petition was shown by the petition to be but $534,150. This paragraph stands admitted by stipulation at the trial. Objections to the same effect were filed with the town board and by it disregarded.

By a decision in other pending litigation (*Repper* v. *Patterson*, 113 N. Y. S. 2d 790) to be filed simultaneously herewith, and for reasons set forth at length therein, this court holds that a petition for annexation of property to a village may be rejected by a town board if it is determined upon objection that it is not signed by the owners of a majority of the assessed valuation in the territory to be annexed. A proceeding may be commenced for annexation by either a majority of the resident voters in the area or the owners of a majority of the property sought to be annexed; but the objection that both standards are not satisfied is available to any group aggrieved, at least if that group can find a spokesman, a resident taxpayer in the town (Village Law, § 348). Apparently, the Legislature reasonably intended that neither a minority of residents nor a minority of property owners should be able to bring about an annexation against the wishes of a majority of either category, and beyond the exercise of a sound discretion by the town board.

In the instant action, it appears that the petition for annexation was open to the objection mentioned; that it was so alleged in this action, brought seasonably against the town board and the village board of trustees by a property owner in the affected area who was, perhaps, not a " resident taxpayer * * * of the town " capable of signing an objection (Village Law, § 348).

Objections to the same effect were filed with the town board by resident taxpayers, at least so the court is advised. These were disregarded, and these objectants did nothing, so far as the court knows, to review the town board's action in that regard. May this court in this litigation now, at this plaintiff's instance, declare the annexation void?

The court believes it cannot. The town board, in this court's view, might in its discretion have refused to consent to the annexation, if, upon objection, it had determined that the owners of a majority of the assessed property in the area had not signed the consent; this it did not see fit to do; even were its consent subject to review, no specific review thereof has been attempted; but in the opinion of this court, this record discloses no basis for such review. The annexation will be found to be a valid and effective one.

Consideration must now be given to the rights of the parties, the annexation being valid and complete.

The two permits issued to plaintiff by the town authorities, the court finds to be valid. The first permit is valid under the town ordinance as it existed on October 24, 1951. The amendment to the town ordinance is valid, so far as the defendants herein are concerned. The State park authorities may question it, but the defendants cannot. The second permit is valid under the town ordinance as it existed on November 1, 1951.

The plaintiff must abide by any valid ordinances of the village. It cannot be determined upon this record whether the provisions of the building code are reasonable and any judgment in this action should be without prejudice to the right of the plaintiff to attack specific provisions of the building code as unreasonable. It had no opportunity to prepare itself in that regard in this case.

Insofar as the zoning ordinance seeks to prohibit entirely the use of plaintiff's lands in the village for the purposes for which it is chartered, the zoning ordinance is void and ineffectual, as beyond the power of the village board to enact and as bearing no reasonable relation to the promotion of the health, safety, morals or general welfare of the community (*Matter of Concordia Collegiate Inst.* v. *Miller,* 301 N. Y. 189; *Jewish Consumptive Relief Soc.* v. *Town of Woodbury,* 230 App. Div. 228; *Union Free School, Town of Hempstead,* v. *Village of Hewlett Bay Park,* 198 Misc. 932, 278 App. Div. 706, motion for leave to appeal denied 303 N. Y. 1016).

If further findings on issues not herein determined are regarded as necessary, they may be proposed on notice. No costs. An appropriate judgment may be settled on notice.