Percy D. Stoddart, J.
Two applications for orders pursuant to article 78 of the Civil Practice Act to review and correct a determination of the board of zoning appeals of the incorporated Village of Garden City have been heard together and will be decided herein. In one proceeding, the petitioner is Adelphi College. The petitioners in the other proceeding are the Property Owners Association of Garden City Estates, Inc., and six individuals who are residents of Garden City.
The respondent board rendered a decision on April 14, 1953 in which it approved in part the application of Adelphi College for permission to erect seating stands adjacent to its athletic field. The college had requested permission to erect stands which would accommodate 3,958 persons and the board approved stands for 2,000 persons subject to certain conditions.
It is the contention of Adelphi that its application to the board should have been granted in its entirety as to the size or extent of the stands and that certain of the conditions imposed are unreasonable.
The petitioners in the companion proceeding contend that the board should have denied the application in toto.
An extensive hearing was held and the minutes, together with numerous exhibits, have been submitted to the court.
Without discussing the evidence in detail, the court believes the board erred in limiting the number of seats.
On page 6 of its decision, the board finds that the erection of stands for 2,000 persons “ (a) will not depreciate or tend to depreciate the value of property in the Village; (b) will not create a hazard to health, safety, morals, or general welfare ; (c) will not be detrimental to the neighborhood or to the resi *311 dents thereof; (d) will not alter the essential character of the neighborhood; (e) will serve or promote public convenience and welfare; (f) will not be feasible or practical in a less restricted district.” The testimony does not reveal any basis for contrary findings in the event 4,000 were accommodated. Accordingly, a denial or a limitation of the relief sought is unreasonable.
The principal question raised upon the hearing related to a possible increase in traffic and parking upon the village streets which allegedly would be detrimental to the residents but the evidence does not justify a conclusion that the presence or absence of permanent seats would have that effect.
Moreover, assuming a great increase in traffic and parking, that is a matter which I, in Ratcliffe v. Morrison (123 N. Y. S. 2d 831) and other Justices, in Matter of Brooklyn Parking Corp v. Cannella (193 Misc. 811); Huntley Estates v. Town of Eastchester (121 N. Y. S. 2d 504); have held to be police problems and not for the zoning authorities.
Adelphi College was granted permission to establish an educational institution in Garden City in 1927. With the passage of years its student body and educational facilities have expanded in accordance with the general trend of more and more education for the youth of the country. It is customary, whenever space is available, for colleges, and schools generally, to use a portion of their property for athletic contests, commencement exercises and other activities of like nature. The parties to these proceedings do not question the right of Adelphi to make such use of its property but the property owners-petitioners and the board seek to deny to Adelphi that which public schools concededly may do without permission — provide seats as an accessory use (Zoning Ordinance, § 401, subd. 10). There are no standards or guides provided in the ordinance to assist the board in deciding what uses should be denied to private schools. Without such standards, the board has no authority to “ reject proposed educational uses ” (Matter of Concordia Collegiate Inst. v. Miller, 301 N. Y. 189, 196). Assuming the existence of such standards an ordinance which discriminated between a public school and a private school as to an educational use would be invalid. An educational use is ‘‘ harmonious with the public interest — and who indeed could consider it otherwise”. (Matter of Concordia Collegiate Inst. v. Miller, supra, p. 197.) Having permitted Adelphi to establish itself in the village, the trustees of the Village of Garden City could not enact an ordinance restricting the use of its property unless the ordinance had a ‘ ‘ reasonable relation to the promotion of the health, *312 safety, morals or general welfare of the community ”. (Long Island Univ. v. Tappan, 202 Misc. 956, 960.)
With regard to the status of the property owners-petitioners, the court does not believe that they are “ aggrieved ” parties, for (1) the Property Owners Association is not an owner of property within the village (Matter of Browning v. Bryant, 178 Misc. 576, affd. 264 App. Div. 777), and (2) neither the association nor the individual copetitioners have shown that any property rights of theirs have been adversely affected (Blumberg v. Hill, 119 N. Y. S. 2d 855). As Mr. Justice Eager wrote in the last-cited case at page 857: ‘‘ One who is merely in the class of a resident-owner of zoned property in and a taxpayer of the municipality and whose only interest is to have a strict enforcement of zoning regulations for the benefit of the general welfare of the community or general enhancement of property values, is not an aggrieved person who may review a decision of the Board of Appeals ”.
Accordingly, the petition of the Property Owners Association and others will be dismissed, and the application granted in favor of Adelphi College directing the respondent to issue the permit as requested by that petitioner. Condition No. 1 (p. 6 of bd.’s decision) should be modified as requested by inserting the words “ for any athletic activity ” between “ or ” and “ after sundown ”.
Settle order on notice.