Marcus G. Christ, J.
Two proceedings, pursuant to article 78 of the Civil Practice Act, with the same parties in each proceeding, have been brought with respect to determinations on April 24, 1957 and on May 22, 1957 by the respondent. By the earlier determination the respondent Saddle Rock Estates Land Co. was granted a 90-day extension of the time provided by section 175.1 of the Zoning Ordinance for commencement of work under a variance granted on March 21, 1956. In the later determination, the respondent board denied an appeal taken by the petitioners from the issuance on April 26,1957 of a building permit by the manager of the building department of the Town of North Hempstead.
The subject property is located in Great Neck, New York, and the petitioners are owners and occupants of nearby or adjoining residences. A conditional use permit and variance was granted *404 on March 21,1956 to the respondent Saddle Rock Estates Land Co. for the construction of a swimming pool, wading pool and bathhouse on the subject property. From April, 1956 to April 12.1957 extensive litigation was conducted by the petitioners to annul the March 21,1956 determination. Special Term by order entered June 28,1956 refused to vacate the permit and variance. That order was affirmed by the Appellate Division by order entered December 21,1956 (2 A D 2d 992). Thereafter, the petitioners applied to the Appellate Division for leave to reargue or for leave to appeal to the Court of Appeals. That application was denied by order entered February 18, 1957 (3 A D 2d 721). The petitioners then applied to the Court of Appeals for leave to appeal. Said application was denied by order entered April 12.1957 (2 NY 2d 711).
Not only have the petitioners been constantly before the court in its various branches since the variance was granted on March 21, 1956 but prior thereto they were before this court to annul a similar determination by the respondent board made after hearings commencing on April 6, 1955 (see Matter of Blum v. Board of Zoning & Appeals, 1 Misc 2d 668).
The natural result of the extensive litigation has been a delay in commencing construction of the pool and bathhouse beyond the one-year period provided by section 175.1 of the Building Zone Ordinance for the life of a variance (unless substantial construction has taken place). When the respondent Saddle Rock Estates realized the variance was expiring it applied in March, 1957 prior to the expiration date, March 21, for an extension of the time provided in section 175.1 but no public hearing could be held on the application before April 10,1957.
The petitioners contend here that the board had no power to grant a variance of section 175.1 and in fact that when the board acted on April 24, there was no variance in existence which could be extended.
In the view the court takes it is unnecessary to pass upon the powers or rights of the board as to the facts and issues involved, for at the threshhold the court holds that the papers do not show these petitioners to be “ aggrieved parties ” and if they be not aggrieved they may not maintain article 78 proceedings (Town Law, § 267, subd. 7). In reaching that conclusion the court has taken into consideration the extensive litigation heretofore initiated and conducted by the petitioners. This litigation was concerned with hearings at which the petitioners were given full opportunity to press all of their objections to the use of the property for recreation purposes, etc. and that litigation since April, 1956 has consistently been resolved in favor of the *405 respondents. Further, the court has taken into consideration the fact that the papers reveal no damage to be sustained by the petitioners as a result of the extension of time to do this work. Disregarding a conclusory allegation of damage there is no factual allegation from which the court can infer that the petitioners are at all prejudiced or harmed by the determinations. Moreover, it is not shown that the conditions as they exist now are any different from what they were in March, 1956 or that it would be improper for the respondent board to grant a new application for the permit and variance had the respondent Saddle Bock Estates chosen to apply for them.
The petitioners urge that the building permit issued approves work which is not shown on the original plans as approved in March, 1956 by the respondent board. An examination of the plans alone satisfies the court that the plans do provide for the work permitted.
Accordingly, as the court believes these proceedings have not been brought by parties ‘ ‘ aggrieved ’ ’, the applications are denied.
Settle order on notice.