Mabio Pitiont, J.
This is ah application pursuant to article 78 of the Civil Practice Act for an order annulling a determination by the respondent Zoning Board of Appeals of the Town of Oyster Bay in which the respondent Nassau Shores Estates, Inc., was granted a variance of the Building Zone Ordinance and permitted to erect a residence on a plot owned by it.
The subject property is located on the southeast corner of Nassau Road and Cedar Drive in Massapequa. It is a vacant 40 by 300-foot rectangular plot. Since January, 1953, the property has been in a “ C ” Residence District. In such district, the minimum lot for the erection of a home is 10,000 square feet with permission afforded to owners of undersized plots which were held in single and separate ownership at the date the ordinance was erected, January 27, 1953, to build on 8,500 square feet. .The subject plot was owned by one Carl P. Droge from January, 1931 until February 4, 1957, at which time it was conveyed to Marton Wolman, Samuel Wolman and Eli Mason. These three grantees conveyed the property on October 29, 1957 to the respondent, Nassau Shores Estates, Inc.
On December 11,1957 the owner respondent made an application to the respondent Board of Appeals for permission to build on this undersized plot. On January 2, 1958 the board held a hearing at which an opportunity was afforded the property owners and their representatives to voice their objections to the application. The application wTas granted.
After an examination of the papers submitted and a careful consideration of all of the arguments presented by counsel the court cannot hold that the respondent Board of Appeals was arbitrary and unreasonable in granting the variance. In the past the courts have stated on many occasions that a property owner may not be denied any use of his property. 11 An ordinance which permanently so restricts the use of property that it cannot be used for any reasonable purpose goes, it is plain, beyond regulation, and must be recognized as a taking of the property ”. (Arverne Bay Constr. Co. v. Thatcher, 278 N. Y. 222, 232.) The owner respondent and his predecessors in title have paid taxes on this property for many years in addition to the purchase price; and the only method in which they can be *609 denied the right to a reasonable use of the property is by condemnation and payment.
Sympathetic though the court may be, and as the Board of Appeals expressed itself to be, to the objections raised by the owners of larger plots, the owner respondent is still entitled to erect a residence on his property. Where an owner is seeking a variance of an area requirement, it is not necessary to establish special hardship (Matter of Vil. of Bronxville v. Francis, 1 A D 2d 236, affd. 1 N Y 2d 839). Here, the owner has proven that practical difficulties exist. Where such is the situation a variance may be granted to one who purchases property with knowledge of the restrictions (Matter of 293 North Broadway Corp. v. Lange, 282 App. Div. 1056; Matter of Stadden v. Macauley, 12 Misc 2d 297, affd. 4 A D 2d 704). In Stadden (supra) an application was granted by the court, under similar circumstances, to build on a 40 by 100-foot plot in the near-by community of Massapequa Park.
Although the court is denying the application under article 78 on the merits, it may be observed that the corporate petitioner, as a nonproperty owner, has no right to institute such proceeding for it is not an “ aggrieved ” party (Property Owners Assn. v. Board of Zoning Appeals, 2 Misc 2d 309). However, the individual petitioner as an owner of property in close proximity to the subject property is an “ aggrieved ” party.
Application denied.
Settle order on notice.