Frank A. Gulotta, J.
This article 78 proceeding seeks to annul the determination of the respondent Board of Appeals of the City of Long Beach, which granted a temporary permit to Majorca Room, Inc., to park cars on a vacant lot situated across the street from the Azores Apartment house, for the exclusive use of the tenants in that apartment.
*262 Of the many grounds adverted to as reasons for upsetting the board’s decision, only two require discussion. These are one, the validity of the vote which granted the application and two, whether there is any legal requirement that a case of practical difficulty or unnecessary hardship be made out, before such a permit may be granted.
The alleged lack of good faith of the applicant, premised on the fact that the lot is owned by one corporation and the apartment by another, ignores the fact that they are both controlled by the same people, so their interest in providing parking for the apartment tenants is obvious. It also ignores the fact that the permit asked for and granted is specifically limited to such tenants, so there is no point in arguing another ease, such as we’ might have if the permit was not so limited.
This applies also to the temporary appointment by the City Manager of two persons to sit on the board for a prior application involving Congregation Temple Israel, in order to give the board a quorum, since the chairman of the board, Mr. Silver, had disqualified himself because of his interest in the Temple.
Whatever value these temporary appointments may have had, it is unnecessary for us to consider, since concededly these people took no part in deciding the instant case.
The Board of Appeals consists of six members, four of whom were present at the public hearing on April 14, 1960. "When the application was granted at an executive meeting held on June 7, 1960, it was carried by four votes, two of whom had been present at the hearing and two of whom had not.
As to the validity of this procedure, after some contrary opinion expressed at Special Term (see Matter of Blum v. Board of Zoning of North Hempstead, 8 Misc 2d 403) it now seems to have been settled by the Court of Appeals in Matter of Taub v. Pirnie (3 N Y 2d 188) that it is unobjectionable, where the absent member familiarizes himself with the situation and makes an informed decision.
Affidavits by the absent members show that to be the case here and the notion that they cannot supply that information by affidavit has no more merit than would the suppression of testimony to the same effect at a hearing such as was held in the Taub case (supra), when it was before the Appellate Division.
Concerning the second point, it should be made clear at the outset that the word “ variance ” is not always used in its strict legal sense of relief from hardship or difficulty, where the petitioner must show uniqueness and an inability to make a practical, profitable use of his property. The Court of Appeals itself used the term “ variance ” in the Taub case (supra), although it *263 was speaking of a “ special exception” which permitted the extension of a parking area from a business zone into an adjacent residence zone, and not of a variance in the precise sense of that term.
The distinction between' these two types of variances is elaborated upon in Reed v. Board of Stds. of Appeals (255 N. Y. 126), and to place as much stress and conclusive consequences upon the use of a word as petitioner seeks to do is to exalt semantics over substance.
Nobody involved here ever contended that this property cannot be used profitably for its zoned purpose, so proving what everyone concedes to be the fact, is pointless.
Under subdivision (e) of section 2-502.2 of the Municipal Code of the City of Long Beach, the board has power as follows:
“ The Board of Appeals, except as otherwise restricted by this Code or the Charter, after notice and hearing may in a specific case and subject to appropriate conditions and safeguards, determine and vary the applications of the zoning regulations herein established in harmony with their general purposes and intent as follows: #
“ (e) Permit the extension of a use or structure into a more restricted district immediately adjacent thereto under such conditions as will safeguard the character of the more restricted district.”
Under (f) it also has power to: “Grant temporary and conditional permits for a period of two years or less for uses and structures in contravention of the requirements of this code.” Thus the exercise of the board’s discretion to grant this application when considered in the light of the conditions which were imposed, may have been a valid exercise of the board’s power.
The conditions imposed, to wit, “ 1) That this is a temporary variance for a period from date hereof and terminating on November 1, 1960; 2) That applicant sets back fifteen (15') feet on the easterly side and (5') feet on the westerly side of said premises; 3) That applicant erect a solid fence at least four (4') feet high around the easterly, westerly and northerly sides of said parking lot; and 4) That applicant post a visible sign instructing the users of said parking lot to dim their lights as they enter or leave the said parking lot ” indicate the board’s awareness of its duty to vary the zoning regulation only in harmony with their general purposes.
' Subdivision (f) must be construed to be so limited, since otherwise it would be an invalid delegation of power to repeal *264 the zoning laws for two years, at will, and without critera of any kind against which to measure the power. (Matter of Little v. Young, 299 N. Y. 699.)
Subdivision (e) is not strictly applicable, since both parcels are in one zoning district. However, a plausible argument might be made that parking as an accessory use to the apartment is legal and that therefore extending it across the street where it is not a permitted use is, in a sense, an extension into a more restricted district.
However, the difficulty with the record in this case is twofold. First it is apparent that the members of the board acted on the basis of their personal knowledge, but what that knowledge is has not been made a part of the record. (People ex rel. Fordham Manor Reformed Church v. Walsh, 244 N. Y. 280.) Second, the board made no findings of record, although the conditions imposed would indicate that they had some in mind.
Both of these factors are essential if there is to be an intelligent review of the determination. (Matter of Syosset Holding Corp. v. Schlimm, 4 A D 2d 766, modfg. 15 Misc 2d 10.)
Decision on the merits will be deferred pending the remedying of these deficiencies.
The instant decision is annulled and the matter remanded to the board for such further proceedings as it deems necessary.
The companion motion for an injunction against the building inspector is denied as unnecessary in view of the disposition made of the main proceeding and the ex parte injunction contained in the order to show cause is vacated.