In the Matter of PETER G. MOORE et al., Appellants-Respondents, v. GEORGE D. BURCHELL et al., Constituting the Town Board of the Town of Mamaroneck, Respondents, and GREW PROPERTIES, INC., Respondent-Appellant.

In our opinion neither petitioner has standing to bring this proceeding (*Rice* v. *Van Vranken*, 225 App. Div. 179, affd. 255 N. Y. 541; *Marcus* v. *Village of Mamaroneck*, 283 N. Y. 325, 332–333; *Matter of Blum* v. *Board of Zoning & Appeals*, 8 Misc 2d 403; *Blumberg* v. *Hill*, 119 N. Y. S. 2d 855; *Matter of Hatten* v. *Silver*, 19 Misc 2d 1091; *Matter of Feldman* v. *Nassau Shores Estates*, 12 Misc 2d 607, affd. 7 A D 2d 757; *Matter of Property Owners Assn.* v. *Board of Zoning Appeals*, 2 Misc 2d 309; *Point Lookout Civic Assn.* v. *Town of Hempstead*, 22 Misc 2d 757, affd. 12 A D 2d 505). In any event, on the merits, we think the assailed building permit was properly issued and is valid, and consequently the refusal to revoke it was justified (cf. *Huggins* v. *Gulf Oil Corp.*, 5 A D 2d 747; *Effell Realty Corp.* v. *City of New*

*York,* 165 Misc. 176, 179, affd. 256 App. Div. 972, affd. 282 N. Y. 541; *Matter of Milton Point Assn.* v. *Clark,* 14 Misc 2d 633, 637). The corporation's appeal from the two intermediate orders must be dismissed for several reasons: (1) such appeal has become academic in view of the affirmance of the final order; (2) the corporation was the prevailing party below, and hence it is not an aggrieved party; (3) its appeal is not "in conjunction with" its adversary's (petitioners') appeal from the final order; and (4) these two intermediate orders were not specified in petitioners' notice of appeal from the final order (see: Civ. Prac. Act, §§ 557, 1304; *Matter of Flanagan,* 271 App. Div. 1014; *Grabb* v. *Nicholas,* 2 A D 2d 446, 447; *Matter of Kaplan* v. *Rohan,* 7 N Y 2d 884; *Matter of Schwartz,* 89 F. 2d 172, 173). Nolan, P. J., Kleinfeld, Christ, Pette and Brennan, JJ., concur.