In the Matter of EVELYN A. CUMMINS, Petitioner, *v.* JOHN VAN ROUWENDAAL, as Building Inspector of the City of Poughkeepsie, et al., Respondents, and SAMUEL GETZ, Intervenor-Respondent.

Supreme Court, Dutchess County, August 7, 1962.

*Van De Water & Van De Water* for petitioner. *Allen J. Weisman* for respondents. *Joseph D. Quinn, Jr.,* for Samuel Getz, intervenor-respondent.

CLARE J. HOYT, J. This is an article 78 proceeding in which petitioner seeks an order directing and requiring the Building Inspector of the City of Poughkeepsie to enforce the provisions

of the Zoning Ordinance of the City of Poughkeepsie, to restrict the issuance of any building permit allowing any buildings in excess of seven additional building units to be constructed on property owned by Samuel Getz and to revoke, annul and void any decision, temporary or permanent, made by the Planning Board which would authorize the construction of more than seven additional dwelling units on the Getz' property. The named respondents are the Building Inspector, the chairman of the Planning Board and the Planning Board, all of the City of Poughkeepsie. The court, by an order signed on August 3, 1962 upon the consent of the parties, permitted Samuel Getz to intervene in the proceeding.

The respondents and intervenor-respondent have submitted answers to the petition and have also moved to dismiss the petition as a matter of law pursuant to section 1293 of the Civil Practice Act. For several reasons, each equally fatal to petitioner, the motions are granted and the petition is dismissed.

The petition was verified on July 20, 1962, as was the notice of motion, and was served upon the several respondents on the same date. The petition does not demand relief with respect to the chairman of the Planning Board or the Planning Board.

On July 10, 1962, the Planning Board preliminarily approved intervenor-respondent's proposal to erect two buildings containing six apartment units each on lands owned by him adjoining petitioner's property. Following the holding of advertised public hearings, the Planning Board gave final approval to the proposal on July 24, 1962, four days after petitioner instituted this proceeding. Intervenor-respondent then made application to the Building Inspector on July 25, 1962 for a permit to build the 12 units. The permit was issued on July 26, 1962.

Section 1285 of the Civil Practice Act specifically provides that the relief afforded under article 78 shall not be available to review a determination " [w]here it (the determination) does not finally determine the rights of the parties with respect to the matter to be reviewed ". Here the Planning Board's final determination was made on July 24, 1962. This proceeding was instituted four days earlier and must be deemed premature.

Furthermore, the petition itself is legally insufficient since petitioner does not allege she is an aggrieved person who has been injured by respondents' actions (see *Matter of Fitzgerald* v. *Conway*, 191 Misc. 1048; *Matter of 609 Holding Corp.* v. *Burke*, 202 Misc. 709, affd. 281 App. Div. 678; *Matter of Blum* v. *Board*

*of Zoning & Appeals of Town of North Hempstead,* 8 Misc 2d 403; *Blumberg* v. *Hill,* 119 N. Y. S. 2d 855).

Petitioner seeks an order of mandamus to compel the Building Inspector to enforce the provisions of the Zoning Ordinance, to refrain from issuing a building permit and to revoke, annul and void any decision, temporary or permanent, made by the Planning Board. As held in *Matter of Walsh* v. *La Guardia* (269 N. Y. 437, 441) : " Mandamus is used to enforce an administrative act positively required to be done by a provision of law ". The Building Inspector is not empowered by the Zoning Ordinance or any other provision of law to revoke the Planning Board's decision.

The dismissal of this petition herein is without prejudice to petitioner to institute any other action or proceeding as she may be advised.