Manuel W. Levine, J.
This is an article 78 proceeding, commenced by an order to show cause containing a stay pending hearing and determination, for a judgment annulling and setting aside a determination of the Board of Appeals of the Incorporated Village of East Hills (hereinafter called the Board), which sustained the issuance of a building permit to the Roslyn Highlands Hook, Ladder, Engine & Hose Co., not a village fire company (hereinafter called the Fire Co.), to construct a firehouse in a Residence ‘ ‘ R-l ’ ’ district.
The order to show cause dated October 29,1963, was originally returnable on November 25, 1963. Upon the request of the village in order that its return might be complete, the return date was adjourned to December 9. Respondent Fire Co. made a motion to vacate the stay, which came on for hearing on December 4. On this date, by consent of all parties this proceeding was heard in order to avert any loss to any of the parties which would occur due to a cancellation of the construction contract which would be effective on December 7, 1963.
The respondents, Village Board and Building Inspector, have interposed objections as a matter of law that the petitioners are not parties aggrieved (Village Law, § 179-b). At the hearing before the Board the only petitioner who was challenged on this ground was the Roslyn Hills Civic Association, Inc. In view of the fact that said association owned no property the Board ruled that it was not a “ person aggrieved.” Therefore said association is not a proper party to this proceeding (Matter of Lido Beach Civic Assn. v. Board of Zoning Appeals, 13 A D 2d 1030; Matter of Property Owners Assn. of Garden City Estates v. Board of Zoning Appeals of Inc. Vil. of Garden City, 2 Misc 2d 309).
Before hearing this proceeding all parties stipulated to advance the adjourned hearing date to December 4 and that all new matter in the answers be deemed denied.
The sole question for determination before the Board was whether or not the firehouse under construction is one permitted in a Residence ‘ ‘ R-l ’ ’ district in the village. The permitted uses under the ordinance include “Sec. 4:2:5, Public library, public art gallery, public museum, municipal fire house ”.
The sole function of the court is to determine whether the decision of the Board is contrary to law or arbitrary and capricious. The record discloses that since formation of the Fire Co. in 1905 it has provided fire protection to this area then known as Roslyn. The village was incorporated in 1931 and pursuant to contracts continued having the same fire pro *527 tection. At no time has the village contemplated forming its own fire department. The Village Board, at the time of enacting the above section 4:2:5, was aware of this. Further, under the laws of this State, fire corporations are controlled by the municipalities within which they operate. Even the formation of the corporation is controlled by the Town Board (Membership Corporations Law, § 11, subd. 4). Many other statutory provisions clearly show that their function is purely municipal. (Appointment of town firemen, Membership Corporations Law, § 110; are under control of municipality in which they function, Membership Corporations Law, § 112; directors’ report, Membership Corporations Law, § 113; annual report, Village Law, § 210; etc.) Exhibit B to the answer and return reveals a building which will be an asset in any residence district, especially one abutting a military installation where the structures are not permanent in nature and trucks and other vehicles are stored in the open. The finding of the Board that the village ordinance includes in ‘1 municipal fire house” the one here under construction is amply supported by the record and petitioners have failed to sustain the burden of showing that it was contrary to law or arbitrary and capricious. The use of this firehouse is for the safety and general welfare of the community as well as the whole village. Further, they have shown no personal damage and cannot be said to be aggrieved (Matter of Moore v. Burchell, 14 A D 2d 572; Blumberg v. Hill, 119 N. Y. S. 2d 855; Matter of Blum v. Board of Zoning and Appeals, 8 Misc 2d 403). Therefore the petition is dismissed, without costs.