Daniel G. Albert, J.
Plaintiff in this declaratory judgment action is a nonprofit educational corporation, chartered by the Board of Begents of the University of the State of New York, and operates a four-year college on a campus of approximately 500 acres in the Villages of Old Westbury and Old Brook-ville. It also owns a parcel of approximately 40 acres within *242 the Village of Old Brookville, zoned for residential uses, upon which it desires to operate a conference center with facilities for housing and otherwise, accommodating as many as 150 persons from business, industry and other educational institutions who would temporarily reside on the site while attending lectures and seminars in various technological or educational fields.
In this action and by this motion for summary judgment, plaintiff seeks a declaration that certain provisions of the building zone ordinance of the Village of Old Brookville are arbitrary and unreasonable and, therefore, unconstitutional and invalid.
Article V, section 5.0 (h), of the ordinance in question permits property in a residential “ A ” district, such as the parcel involved herein, to be used as “A non-profit educational institution * * * when authorized as a variance or special exception by the Board of Zoning Appeals ” of the Village of Old Brookville. However, the ordinance also enumerates certain “ standards and restrictions ” which cannot be varied by the Board of Zoning Appeals. Section 5.0 (h) (8) (1), the provision of the ordinance challenged herein, prohibits any such educational institution from building or maintaining: dormitories or other sleeping quarters, except a single family dwelling for one caretaker and his family; an outdoor swimming pool; any equipment or structures for extra-curricular activities, or any structure for the use of spectators. The same section of the ordinance also proscribes any athletic contests and games with other institutions, schools or organizations and any use “ for which an admission is charged, [or for which a] gratuity, donation or subscription is accepted.”
The plaintiff made application for a special use permit to the village’s Board of Zoning Appeals and consistently maintained throughout the proceedings before that body that it regarded the restrictions of the ordinance set forth above as invalid and had no intention of complying with them.
The Board of Zoning Appeals granted the special use permit (and a variance of the minimum 50-acre plot provision set forth in the ordinance) but stated in its decision that it had no power to vary the provisions of the ordinance which plaintiff complains of and that “ its decision * * * is subject to whatever action the Board of Trustees may take ” with respect to the restrictions in the ordinance.
Subject to that caveat, the Board of Zoning Appeals rendered a decision containing various conditions on the plaintiff’s proposed use of the property as a conference center. These condi *243 tions, it appears, were acceptable to the plaintiff and, in any event, are not in issue herein since this is not a proceeding to review that administrative determination. It further appears that it was the intent of the parties at the time the decision was rendered that a request would be made to the village Board of Trustees for an amendment of the pertinent sections of the building zone ordinance, and, in connection with that proposed course of action, the president of the plaintiff corporation signed the following “consent”: “whereas, subsequent to the hearings before the Board of Zoning Appeals in the above matter, counsel for said Board has exhibited to the attorneys for the applicant the proposed Findings and Decision of the Board granting the application with certain limitations and upon certain conditions, new tore institute of technology, the applicant herein, certifies and affirms that it will accept said Findings and Decision and will not seek to review the same by a proceeding under Article 78, O.P.L.R., or otherwise. Dated: August 15th, 1969. ’ ’
The plaintiff’s attorney thereafter submitted a proposed amendment of the ordinance to the village board which, after a public hearing, declined to enact it.
Before considering the merits of plaintiff’s contention that it is entitled to summary judgment declaring invalid the ordinance’s restrictions, summarized supra, there is a preliminary issue that must be dealt with.
Interposed as the first affirmative defense in the defendants’ answer and relied upon as the principal ground for opposition to this motion is the claim that plaintiff has waived its right to institute any action or proceeding either to review the proceedings before the village’s Board of Zoning Appeals or to challenge the validity of the ordinance by virtue of the document signed by plaintiff’s president and set forth in full, supra.
Defendants characterize this document as a “ covenant not to sue”. In the court’s opinion, such a characterization, and the conclusions defendants predicate upon it, have no support in the record or in the language of the document relied upon.
The findings and decision of the village’s Board of Zoning Appeals clearly demonstrate that that body, although acknowledging its lack of authority to vary certain of the ordinance’s restrictions, operated on the assumption that the village Board of Trustees would act to amend the ordinance. In its decision the Board of Zoning Appeals specified limitations on the number of conferees who would be permitted to use the site, the number who would be furnished sleeping accommodations on *244 the property, and other conditions concerning additional structures and equipment on the property.
The document executed by plaintiff’s president is labeled a “consent”, not a “covenant not to sue”; it makes specific reference to the proposed findings and decision of the Board of Zoning Appeals “ granting the application with certain limitations and upon certain conditions ’ ’, and merely states that the plaintiff herein 1 ‘ will not seek to review the same by a proceeding under Article 78, C.P.L.R., or otherwise ” (emphasis added). ■
This action is not a review of the findings and decision of the Board of Zoning Appeals, and clearly such language was not intended to and did not bar plaintiff from seeking an amendment of the ordinance or from attacking its validity in this declaratory judgment action.
Insofar as the merits of plaintiff’s contention that the restrictions of the ordinance are invalid is concerned, the court is of the opinion that the argument is well taken. Educational uses have a proper place in residential districts. Such a use is clearly ‘ ‘ in furtherance of the health, safety, morals and general welfare of the community” (Matter of Concordia Collegiate Inst. v. Miller, 301 N. Y. 189, 195-196) and, since the “power to interfere by zoning regulations with the general rights of the land owner by restricting the character of his use * * * cannot be imposed if it does not bear a substantial relation to the public health, safety, morals, or general welfare ” (Nectow v. Cambridge, 277 U. S. 183, 188), it follows that a zoning authority may not exclude a school from residentially zoned property (Long Is. Univ. v. Tappan, 202 Misc. 956, 960, affd. 281 App. Div. 771, affd. 305 N. Y. 893).
While the building zone ordinance in issue does not expressly purport to exclude schools and other educational institutions, the restrictions on accessory uses would, in the court’s opinion, have that practical effect. The permission to operate a school, which this court finds is constitutionally mandated, includes the permission to locate upon the property and to maintain these accessory uses customarily engaged in by students. Such accessory uses would include dormitories and athletic facilities for interscholastic as well as intramural contests, including seating for spectators (Matter of Bowling Coll. v. Schermerhorn, 35 A D 2d 821; Matter of Property Owners Assn. of Garden City Estates, 2 Misc 2d 309). The provisions of the ordinance herein which purport to prohibit absolutely these structures or any use of the property for which an admission *245 is charged or gratuity, donation or subscription is accepted, are clearly unreasonable and void.
The order to be entered herein, granting plaintiff summary judgment declaring these restrictions (art. V, § 5.0 [h] [8] [1] through [6]) invalid, does not mean, however, that the village Board of Trustees is not empowered to regulate by reasonable standards the use of residentially zoned property for educational purposes and the structures and uses accessory thereto. Nor does it mean that plaintiff is free to build and operate the proposed conference center. Whether that is an “ educational ” use or “ accessory” to an educational use as those terms have been used throughout this decision and the authorities cited herein, cannot he determined summarily upon this application. Therefore, insofar as plaintiff’s complaint seeks a declaration “ that the * * * Decision of the Board of Appeals he declared absolute and not subject to any action of the Board of Trustees ”, such relief is not granted, for the reason already stated and for the additional reason that this is not a proper proceeding for review of that decision. As indicated earlier, the village Board of Trustees has legislative authority to regulate the use of the property in question by reasonable zoning restrictions. -This court has no authority to usurp that legislative function.
Accordingly, the plaintiff’s motion is granted to the extent hereinabove indicated.