Hon. Frank J. Ryan Town Attorney, Cortlandt
This is in response to your letter requesting an opinion of the Attorney General as to whether or not the Greater Cortlandt Fire Council, a not-forprofit corporation composed of seven fire districts and fire companies, is subject to the Zoning and Building Codes of the Town of Cortlandt in the proposed construction of a training center on land owned by the Council.
In the case of Nehrbas v Incorporated Village of Lloyd Harbor, 2 N.Y.2d 190
(1957), the Court said that a village is not subject to zoning restrictions in the performance of its governmental, as distinguished from its corporate or proprietary activities.
In the case of Hewlett v Town of Hempstead, 3 Misc.2d 945 (1954), the Court stated that an ordinance may specifically except the municipality without regard to whether its activity is governmental or proprietary.
In the case of Miller v Incorporated Village of East Hills,245 N.Y.S.2d 718 (1963), the Court said that a firehouse which is owned by a fire company under a contract with a municipality is a municipal use.
In the case of Westchester County v Village of Mamaroneck, 22 A.D.2d 143
(2d Dept, 1964), it was held that a county's reconstruction of a sanitary sewer treatment plant pursuant to plans drawn by the County Public Works Commission and approved by the State Health Commission was a governmental function not subject to the village building and zoning regulations and that no permit from the village was necessary.
A parallel view was taken in Oswald v Westchester County ParkCommission, 234 N.Y.S.2d 465 (Supreme Court, Westchester County, 1962), affd 18 A.D.2d 1139, where it was held that a county in establishing a sportman's center pursuant to statutory authority on county-owned land within a town was acting in a governmental capacity and not subject to the town zoning ordinance and that the county could proceed without applying to the town for a permit. See, also, Town of Poughkeepsie vHopper Plumb. Heat. Corp., 260 N.Y.S.2d 901 (Supreme Court, Dutchess County, 1965).
It would appear from the facts presented that the Greater Cortlandt Fire Council is neither a fire district nor a fire company carrying out a governmental function but is a not-for-profit corporation, which is an association of fire districts and fire companies, set up for the sole purpose of supplying training facilities for fire districts and fire companies and some of its activities might be considered a nuisance in a residential district.
From the above matter, we conclude that the Greater Cortlandt Fire Council, a not-for-profit corporation, is subject to the Zoning and Building Codes of the Town of Cortlandt.