**Kadi Appeal**

*Michael J. Piosa,* for appellants.
*David G. Welty,* for the board.
*Gerald M. Barr,* for applicant.

WIEAND, *J., Specially Presiding,* October 10, 1980—Must a social member of a rod and gun club recuse himself upon request from sitting as a member of a zoning hearing board which hears an application for special exception by the same rod and gun club? We conclude that such membership creates at least an appearance of prejudice which should have compelled disqualification. Therefore, we will reverse and remand for a new hearing.

The Zoning Officer of Lynn Township had denied an application by the Ontelaunee Rod and Gun Club for a special exception to install lighting to permit trap shooting at night. The club appealed the zoning officer's decision to the Zoning Hearing Board which convened to hear the appeal on April 25, 1979. At that time, Richard Bittner, a member of the board recused himself because he was a member of the applicant club. Counsel for objecting neighbors requested that Russell Snyder also recuse himself because of membership in the rod and gun club. Snyder did so, and the hearing was adjourned to permit the appointment of an impartial board. Subsequently, Snyder reconsidered his decision and, over objection, sat as a member of the board which heard the club's appeal. He cast the deciding vote in a two to one decision which granted the special exception requested by the club. The objecting neighbors then appealed to this court.

In Schlesinger Appeal, 404 Pa. 584, 172 A. 2d 835 (1961), the Pennsylvania Supreme Court, at p. 598, quoting from In re Murchison, 349 U.S. 133, 136, 75 S.Ct. 623, 625, 99 L.Ed. 942 (1955), held: "'A fair trial in a fair tribunal is a basic requirement of due process. Fairness of course requires an absence of actual bias in the trial of cases. But our system of law has always endeavored to prevent even the probability of unfairness. To this end no man can be a judge in his own case and no man is permitted to try cases where he has an interest in the outcome.'"

In Horn v. Township of Hilltown, 461 Pa. 745, 337 A. 2d 858 (1975), the court was faced with a case in which the same solicitor represented the zoning hearing board and also the township, which was opposing an application for a variance. The court held at p. 748, 337 A. 2d 860: "In the case at bar,

while we are not faced with a tribunal that has allegedly denied due process to a litigant, we are presented with a governmental body charged with certain decision-making functions that must avoid the appearance of possible prejudice, be it from its members or from those who advise it or represent parties before it. In the instant case, the same solicitor represented both the zoning hearing board and the township, which was opposing appellants' application for a zoning variance. While no prejudice has been shown by this conflict of interest, it is our opinion that such a procedure is susceptible to prejudice and, therefore, must be prohibited."

Our research discloses no Pennsylvania appellate court decision which is factually similar to the instant case. However, in Zell v. Roseland, 42 N.J. Super. 75, 125 A. 2d 890 (1956), a member of a planning board who was also a member of a church which owned land which it wished to have rezoned was held to have at least an indirect personal interest in the matter of the proposed amending ordinance so that he should have disqualified himself. His personal interest was held to have infected and invalidated the action of the board in which he participated.

And in Sarber Realty Corp. v. Silver, 25 Misc. 2d 261, 205 N.Y.S. 2d 30 (1960), it was noted that the chairman of the zoning board of appeals had disqualified himself from the consideration of an application by the temple to which he belonged. See also cases annotated at 10 A.L.R. 3d 694 et seq.

In the instant case, Snyder was a social member of the rod and gun club whose application was being heard. He testified that he had not used the club's facilities for more than five years but had nevertheless continued his membership. It is the existence of an interest, however, and not use

which determines the presence of potential prejudice. Bittner disqualified himself because he was an "active" member of the club. Should Snyder, then, be permitted to hear the application because he is only a "social" member? We think not. Although the club itself may distinguish between the two types of membership (the evidence does not disclose the different rights and privileges which attach to each), such a distinction is unpersuasive, particularly to lay persons who are objecting to the club's application. Although there is not one iota of evidence that Snyder's decision was the result of bias or prejudice, he was clearly in a position where his membership in the rod and gun club created the appearance of prejudice which, the courts have held, required disqualification.

The club argues that many residents of the township are or have been members of the club and that it is difficult, therefore, to find three totally uninvolved and disinterested persons to hear its appeal. We are aware, of course, that the Ontelaunee Rod and Gun Club is known to many and is highly regarded. However, the record in this case does not support the argument that three nonmembers cannot be found to hear its application for a special exception.

The case will be remanded for hearing before a board of disinterested persons.

## ORDER

Now, October 10, 1980, the order of the Zoning Hearing Board of Lynn Township granting a special exception to the Ontelaunee Rod and Gun Club is reversed, and the above captioned zoning matter is remanded for a hearing consistent with the attached opinion.