VILLAGE OF LARCHMONT, Respondent, *v.* TOWN OF MAMARONECK, Appellant.

*Municipal corporations — zoning ordinance — when town properly enjoined from enforcing zoning ordinance as to building in course of erection by village upon its water works property.*

*Village of Larchmont* v. *Town of Mamaroneck*, 208 App. Div. 812, modified.

(Argued September 30, 1924; decided November 25, 1924.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered April 17, 1924, modifying and affirming as modified a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term. The action was to enjoin the defendant town from enforcing its zoning ordinance in so far as it affected water works property of the plaintiff situated outside the village and within the town. It was alleged that the town threatened with arrest those employed in the construction upon said water works property of a building for the storage of tools and materials used in conjunction with said water works. The judgment as modified " decreed that the defendant town of Mamaroneck, its officers and agents and servants, be and they hereby are permanently enjoined from in any manner interfering with the construction of any buildings upon the premises of the plaintiff within the town of Mamaroneck, held for public use, designed and erected for the purpose of carrying that public use into execution, and from so enforcing the zoning ordinance of the town of Mamaroneck mentioned in the complaint with respect to said premises or any part thereof as would interfere with the execution of the public use for which said premises are held."

*Frederick P. Close* for appellant.

*Clarence De Witt Rogers* for respondent.

*Per Curiam.* We do not pass upon the question of whether buildings, other than the one specified in the complaint, would be a violation of the zoning ordinance referred to. It is sufficient for this appeal to say the

injunction should be limited to the building mentioned in the complaint. To this extent the town should be enjoined.

The judgment appealed from, therefore, should be modified as stated in this memorandum, and as thus modified affirmed, without costs to either party.

HISCOCK, Ch. J., CARDOZO, POUND, MCLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur.

Judgment modified.