WILLIAM D. STIGER, Appellant, v. VILLAGE OF HEWLETT BAY PARK et al., Respondents.— In an action to enjoin the defendants from using or maintaining premises in alleged violation of a zoning ordinance and for damages, the plaintiff appeals from a judgment dismissing the complaint after trial. Judgment unanimously affirmed, without costs. Findings are made that the structure was not a nuisance in fact, that appellant sustained no damages as a result of its erection and that the village could not find within a reasonable distance from its limits a place to keep its truck and other equipment. Appellant's claim to relief was based on a contention that a structure, erected by defendant village upon land leased by its codefendant, a private school, to the village, was erected

and used in violation of the village's zoning ordinance. At the time of the erection of the structure complained of, the zoning ordinance divided the village into three residence districts, in which the permitted uses were (1) single-family detached dwellings, (2) playgrounds and parks, (3) "Educational, Religious or Philanthropic use, excluding Hospital, Sanitarium or Correctional Institutions but including Dormitory of an Educational Institution." Accessory uses were permitted, among which was use for a private garage which could be occupied as a dwelling by an employee of the resident. In 1949, the village amended the zoning ordinance by eliminating the last two enumerated uses, thus leaving only single-family detached dwellings and accessory buildings and uses as permitted uses. The village has a population of five hundred or six hundred people occupying approximately 130 houses and has only one full time employee. At the time of the trial, the only buildings in the village, other than the private school and the structure complained of, were one-family private homes and accessory buildings. Prior to 1948, the village stored its vehicles and miscellaneous equipment, rent free, outside the village. In 1948, the village received notice to vacate the buildings where its equipment and vehicles were stored. In that year, upon land leased by the village from the defendant school for that purpose, the village erected a building resembling a garage in appearance and which would be, if owned by the occupant of a dwelling and used as a garage, a permitted accessory building. In that structure were kept the village's truck, its tractor and some minor equipment necessary in connection with the care of streets and for traffic regulation. The village had contracted for the repair of its streets but used the tractor for roadgrading and for snow removal. The appellant's home is opposite this structure and he claims that the structure and its use has depreciated the market value of his property. Special Term dismissed the complaint as against the respondent village because no notice of claim had been served on its officials and the action had not been commenced within the periods provided by section 341-b of the Village Law. Special Term held that as against the respondent school the plaintiff had failed to sustain the burden of proof. No specific findings of fact were made. The complaint did seek damages as incidental to equitable relief, but without objection of the respondent village the demand for money damages against the village was withdrawn. *Schenker* v. *Village of Liberty* (261 App. Div. 54, affd. 289 N. Y. 788) was not controlling under such circumstances. (Cf. *Realty Associates* v. *Stoothoff*, 258 App. Div. 462, and Rules Civ. Prac., rule 166.) Appellant asks for a determination of his rights on this record. (Cf. *Bernardine* v. *City of New York*, 268 App. Div. 444, affd. 294 N. Y. 361, and Civ. Prac. Act, § 620.) By statute the responsibility for the care, control and supervision of village streets is placed on the board of trustees or other officers of a village. (Village Law, § 141.) The streets and traffic regulation pertain to the exercise of a governmental function. (*People* v. *Grant*, 306 N. Y. 258.) It is not to be assumed that this village while authorizing parks and playgrounds and private garages as accessories to residences, and permitting such garages to be occupied by employees as dwellings, nevertheless intended to deny to itself the right to build what is a comparable structure for the housing of instrumentalities necessary in the discharge of its duty to maintain streets and regulate traffic. (Cf. *Denton* v. *State of New York*, 72 App. Div. 248, 251–252.) It was within the power of the village to specifically exempt from the scope of the ordinance, structures essential to the performance of mandatory duties for the safety of all its inhabitants. Present — Wenzel, Acting P. J., MacCrate, Schmidt, Beldock and Murphy, JJ.