■ HAROLD A. NEHRBAS et al., Respondents-Appellants, v. INCORPORATED VILLAGE OF LLOYD HARBOR et al., Appellants-Respondents.— In an action by property owners to declare an amendment to a village zoning ordinance to be void, to restrain the use of premises owned by the village as a municipal headquarters and garage, and to adjudge that said premises are limited to residential use by restrictive covenants in the village's deed, the village and its board of trustees appeal from the judgment, entered after trial, insofar as it restrains the use of the premises as a municipal garage and as quarters for highway employees. The property owners appeal from said judgment insofar as it declares the amendment to be valid, permits the use of the premises as a municipal headquarters, and adjudges that the uses sought to be enjoined are not prohibited by restrictive covenants. Judgment modified on the law and the facts by striking therefrom the third, fourth, and fifth decretal paragraphs, and by substituting therefor a provision that plaintiffs' second cause of action be dismissed on the merits. As so modified, judgment affirmed, without costs. Findings of fact insofar as they may be inconsistent herewith are reversed and new findings are made as indicated herein. On the proof in this case, neither the structure in question nor the manner in which the village proposes to use it for storage and maintenance of village vehicles constitutes a nuisance in fact. The village police perform a governmental function (*Augustine* v. *Town of Brant*, 249 N. Y. 198, 204; *Matter of Evans* v. *Berry*, 262 N. Y. 61, 68). Highway maintenance is a governmental function (*Stiger* v. *Village of Hewlett Bay Park*, 283 App. Div. 827; *Markey* v. *County of Queens*, 154 N. Y. 675; *People* v. *Grant*, 306 N. Y. 258; *Brush* v. *Commissioner*, 300 U. S. 352, 373). Garbage removal, essential to health and welfare, likewise is a governmental function (18 McQuillin on Municipal Corporations [3d ed.], pp. 267–268; *Rector, Christ Church* v. *Town of Eastchester*, 197 Misc. 943; *Hewlett* v. *Town of Hempstead*, 1 A D 2d 954; cf. *Brush* v. *Commissioner, supra*, 370, 371). Hence, the village may store and maintain the vehicles necessarily used in performing these functions, and may provide quarters for highway workers at

the premises in question, despite the fact that they are located in a residence use district (*Stiger* v. *Village of Hewlett Bay Park, supra;* 1 Rathkopf on Law of Zoning & Planning [3d ed.], pp. 815–826; 58 Am. Jur., Zoning, § 120). Beldock, Murphy, Ughetta and Kleinfeld, JJ., concur; Nolan, P. J., dissents and votes to affirm the judgment without modification.