Bernard S. Meyer, J.
This proceeding, instituted pursuant to subdivision 7 of section 267 of the Town Law and CPLB (art. 78), raises questions (1) whether petitioners are persons aggrieved by th'e decision of the Board of Zoning and Appeals of which they complain, (2) whether the water tower permit issued to the Garden City Park Water District was properly issued under the Zoning Ordinance of the Town of North Hemp-stead. In a companion action petitioners sought an injunction restraining construction of the water tower in question. In affirming denial of a temporary injunction in that action the Appellate Division said: “ Individual property owners may not maintain a suit for an injunction to restrain an alleged violation of an ordinance, in the absence of a showing of special damage or injury occasioned thereby. Plaintiffs have not shown such special damage or injury. The water tank under construction is merely a replacement of a presently existing water tank of lesser capacity in exactly the same location.” (21 A D 2d 832.) Notwithstanding that decision the court cannot dispose of the issue of petitioners’ status without a hearing, for in this proceeding petitioners set forth in their reply facts apparently not presented in the injunction action; viz.— that the tank will be 300 feet closer to petitioners’ premises than the existing tank and substantially taller than the existing tank and will depreciate the value of petitioners’ property. Petitioners would, therefore, be granted a hearing concerning their status were it not for the court’s conclusion on the substantive issue.
*205 The Garden City Park Water District is a special district organized under the Town Law. Its purpose is the supplying of the inhabitants of the water district with water for domestic and commercial uses and for protection against fire (Town Law, § 198, subd. 3, par. [a]). The Court of Appeals in Canavan v. City of Mechanicville (229 N. Y. 473, 476) and in Oakes Mfg. Co. v. City of New York (206 N. Y. 221) held that the supply of water for fire purposes was a governmental purpose but supplying water to private consumers was a proprietary or private function of the municipality. In so deciding the court limited the holding of Springfield Fire & Mar. Ins. Co. v. Village of Keeseville (148 N. Y. 46). It is to be noted, however, that the Canavan and Oakes Mfg. Co. cases involved tort liability of the municipality rather than whether it was required to comply with a zoning ordinance. In Village of Larchmont v. Town of Mamaroneck (239 N. Y. 551), cited Avith approval in Nehrbas v. Incorporated Vil. of Lloyd Harbor (2 N Y 2d 190, 193-194), the toAvn was enjoined from enforcing its Zoning Ordinance, which specifically prohibited such use in a residential area, against the erection by the village on land outside the village and within the town of a building for the storage of tools and materials used in conjunction with the village water Avorks, and in Wallerstein v. Westchester Joint Water Works No. 1 (166 Misc. 34), the court held that the supply of water for fire protection and domestic consumption was an essential governmental function exempting defendant corporation from the requirements of the town Zoning Ordinance. Moreover, in Hewlett v. Town of Hempstead (3 Misc 2d 945, affd. 1 A D 2d 954, mot. for lv. to app. den. 1 N Y 2d 643, 644) an incinerator district formed under a statute permissive in its terms Avas held to be performing a governmental function and not subject to zoning restrictions. It is not necessary to rely solely on the three last-cited cases, however, for the Legislature has specifically declared with respect to five separate water authorities, each of which was authorized to supply water for private consumption, ‘ ‘ that the authority is and will be performing an essential governmental function in the exercise of the powers conferred upon it” (Public Authorities Law, § 1053, subd. 4 [Erie County Water Auth.]; § 1095, subd. 4 [Monroe County Water Auth.]; § 1118, subd. 4 [Northwestern New York Water Auth. — repealed in 1961 when the Authority ceased to function]; § 1153, subd. 4 [Onondaga County Water Auth.]; § 1253, subd. 4 [Great Neck Water Auth.]). While the court recognizes that the Town Law provision under which the Garden City Park Water District was formed does not contain that language, it notes that *206 the functions of the respondent district are the same as those of the Water Authorities in question, and concludes that what is an essential governmental function for the Authorities must likewise be an essential governmental function for the respondent district. It follows under the rule of the Nehrbas and Village of Larchmont cases (supra) (see ann. 61 ALR 2d 970, 992), that the Town of North Hempstead Zoning Ordinance does not prohibit erection of the water tank in question and could not prohibit it, even if the ordinance contained a specific provision to that effect (see Incorporated Vil. of Lloyd Harbor v. Huntington, 4 N Y 2d 182, 191; Matter of Oswald v. Westchester County Park Comm., 234 N. Y. S. 2d 465, affd. 18 A D 2d 1139; County of Westchester v. Village of Mamaroneck, 41 Misc 2d 811). That the water district holds title under a deed reciting that it is subject to zoning restrictions, while determinative of rights between the district and its grantor, has no bearing at all on the issue under discussion.
Though the foregoing would dispose of the proceeding, the court notes that the matter comes on as a review of a Board of Zoning and Appeals decision denying an application to reverse the determination of the building official pursuant to which the permit was issued. Although questions of law in such a proceeding are for the court (Matter of Delpriore v. Ball, 281 App. Div. 214), yet “ ‘ where the question is one of specific application of a broad statutory term in a proceeding in which the agency administering the statute must determine it initially, the reviewing court’s function is limited ’ (Board v. Hearst Publications, 322 U. S. 111, 131). The administrative determination is to be accepted by the courts ‘ if it has ‘' warrant in the record ” and a reasonable basis in law ’ (same citation.) ‘ The judicial function is exhausted when there is found to be a rational basis for the conclusions approved by the administrative body ’ (Rochester Tel. Corp. v. U. S., 307 U. S. 125, 146).” (Matter of Mounting & Finishing Co. v. McGoldrick, 294 N. Y. 104, 108; Red Hook Cold Stor. Co. v. Department of Labor of State of N. Y., 295 N. Y. 1, 9.)
The building official and the town rely in their answer upon section 118.2 of the ordinance which provides: “ Not withstanding [sic] any other provisions of this Ordinance, building, [sic], structures and premises necessary for use and occupancy by the Town or County of Nassau for public or municipal purposes are hereby permitted in any use district.” Petitioners contend that since the property in question is located in a Besidence C District, the water district was required to apply for a conditional use permit under section 6.21 of the ordinance which *207 requires such a permit in such a district for “ Government or municipal buildings regardless of whether said buildings are erected for the purpose of discharging governmental or corporate functions.” The court concludes that the board correctly affirmed issuance of the permit by the building official. That conclusion finds support in precedent, in the rule of construction above referred to and in reason. Precedent exists in the decision of Mr. Justice Christ in Hewlett v. Town of Hemp-stead (supra), for section G-11.1 of the Town of Hempstead Ordinance which was involved in that case is identical in language with section 118.2 of the instant ordinance and the incinerator district there involved was formed under the Nassau County Civil Divisions Act, which in section 255.9 provided: ‘' Any refuse and garbage district created by this article shall be deemed a special district under the town law.," (Emphasis supplied.) The Garden City Park Water District is likewise a special district formed under the Town Law and its use and occupancy of the water tower must likewise be deemed use and occupancy by the town. Petitioners’ reliance on Holroyd v. Town of Indian Lake (180 N. Y. 318), as authority that the water district cannot be considered the town under the ordinance provision in question is misplaced, for what was there considered was the right to sue the town on the contract obligations of the water district, a result clearly not contemplated under the statutes there involved.
The conclusion is likewise supported by the rule of construction. The water tower was expressly authorized by resolution of the Town Board adopted August 13, 1963, and the Town Law (§ 190; § 198, subd. 3) so interweave the town in the creation of the district and the exercise of its functions that the district, though a separate entity, is the creature of the town. The nature of the relationship is in fact recognized in sections 110 and 118 of the General Municipal Law both of which empower the town to act on behalf of the water district. What the building official was called upon to construe was the meaning of the phrase “ use and occupancy by the Town ” in section 118.2 of the ordinance. Against the background of the Town Board resolution and the relationship of town and district as evidenced by the statutes referred to, it must be held that there is a rational basis for the building official’s conclusion that use and occupancy by the water district is use and occupancy by the town.
Reason supports the conclusion as well. The Larchmont case (supra), makes clear that the Zoning Ordinance cannot exclude a structure erected for a governmental purpose. Section 118.2 of the ordinance is declaratory of this principle (but cf. Hewlett *208 v. Town of Hempstead, supra). To the extent that section 6.21 attempts to regulate buildings erected for governmental purposes, it is ineffectual because in conflict with the Larchmont case and with the opening phrase of section 118.2 — “ Notwithstanding any other provision of this ordinance.” The water district performs an essential governmental function. Section 118.2 of the ordinance, therefore, applies and section 6.21 does not.
Though not directly raised by the papers in this proceeding it should perhaps be noted that the Town Board Resolution of August 3,1963 declares construction of the tower to be “ in the public interest ” and this provides a rational basis for the building official’s conclusion that the tower is “necessary” within the meaning of section 118.2.
A short-form judgment has been entered dismissing the proceeding.