Harold E. Simpson, J.
This is a proceeding under article 78 of the CPLR to review a determination of the Board of Zoning Appeals of the Town of Ithaca, New York.
The County of Tompkins, in pursuance of the action of its Board of Supervisors, has contracted to purchase certain property in the Town of Ithaca (embraced within Tompkins County) upon which it proposes to erect a county barn. The county barn would be used, among other things, as a base for a large quantity of road building and repair equipment, heavy trucks used daily, snowplows and machinery, for storage of road building and repair materials, and as the daily starting and ending location of its employees in its county-wide maintenance of its highways. The land is situated in two separate residence districts as established by the zoning ordinance of the Town of Ithaca, New York, and application was made by the County of Tompkins to the zoning officer of the Town of Ithaca for a building permit to construct the barn. The application was denied.
Thereafter, in accordance with the ordinance, an appeal was taken to the Board of Zoning Appeals of the Town of Ithaca which, in turn, made a decision confirming the determination of the zoning officer.
*737 The County of Tompkins has brought the matter on for review before the Supreme Court and asserts (1) that the County of Tompkins is not bound by the zoning ordinance of the Town of Ithaca, (2) the denial of the right to use the property for the purpose of constructing the barn will constitute unnecessary hardship and practical difficulty, (3) the proposed construction constitutes a permitted use under the zoning ordinance which provides as follows: “ Any municipal or public utility purpose necessary to the maintenance of utility services except that substations and similar structures shall be subject to the same set-back requirements as apply to residences in the district in which the substations or similar structures are constructed.” Although the property involved here is situated in two residence districts, R-9 and R-30, the above provision applies to both districts.
The County of Tompkins urges that in the performance of its governmental functions, of which the maintenance of highways is one, it may not be impeded by a zoning ordinance of one of the towns embraced within its boundaries. There is no longer any doubt that in maintaining a barn for the maintenance and storage of highway trucks and materials and for the base of its maintenance operations, the county is engaging in a governmental function rather than one proprietary (Nehrbas v. Incorporated Vil. of Lloyd Harbor, 2 N Y 2d 190). It is clearly settled by the Nehrbas case (p. 193) that a village is not subject to its own zoning restrictions in the performance of its governmental functions. ‘6 In the very nature of things, a municipality must have the power to select the site of buildings or other structures for the performance of its governmental duties. Accordingly, it necessarily follows, a village is not subject to zoning restrictions in the performance of its governmental, as distinguished from its corporate or proprietary, activities.” In support of this language, the Court of Appeals cited with approval Village of Larchmont v. Town of Mamaroneck (239 N. Y. 551) and commented as follows: “ In the Village of Larchmont case (supra, 239 N. Y. 551), for instance, the village had its water supply system in the residential district of the neighboring Town of Mamaroneck and sought to construct a small building near its pump works. Although the town ordinance explicitly prohibited such use in a residential area, the town was enjoined from enforcing it against the village in view of the fact that the building in question was designed for a governmental use.”
The Nehrbas case seems not to have found its reason in the sovereign right of a village to disregard its own ordinances but *738 rather in an obligation of government with its corelated prerogatives to operate and conduct its governmental functions for the general welfare.
Thus, we need not be concerned with the extent, if any, to which Tompkins County exercises sovereignty over the towns which it embraces. It is sufficient to say that it is charged with the proper maintenance of its highway system interconnecting the towns and maintaining vehicular communication between them. In the performance of this governmental function, which is continually becoming more and more essential, the county cannot be constricted, impeded and, indeed, possibly paralyzed by local zoning ordinances.
The scope of the determination here is limited to a review of the determination of the Board of Zoning Appeals construing the ordinance (CPLR 7803), and upon this narrow issue it is determined that the Board of Zoning Appeals has incorrectly construed the zoning ordinance of the Town of Ithaca as applying to and binding the County of Tompkins. Such construction is against the great weight of authority. (Oswald v. Westchester County Park Comm., 234 N. Y. S. 2d 465, affd. 18 A D 2d 1139; County of Westchester v. Village of Mamaroneck, 41 Misc 2d 811; Lauderdale County Bd. of Educ. v. Alexander, 269 Ala. 79 [1959]; Pearson v. County of Tift, 219 Ga. 254 [1963]; 101 C. J. S., Zoning, § 135.) It is unnecessary to consider the other matters urged by Tompkins County.
The determination of the Board of Zoning Appeals of the Town of Ithaca is, therefore, vacated and annulled, without costs.