Daniel E. Maceen, J.
The petitioner proposes to build a number of two-family housing units on scattered sites in various parts of the city and it appears that the construction is to be financed in whole or in part by a Federal housing agency. The property here involved is in an R-2 District which permits two-family residences but requires that automobile parking spaces be provided in enclosed private garages. It is asserted that regulations of the Federal agency do not permit an expenditure for construction of garages and petitioner seeks a variance to permit open-air parking in a driveway in front of the proposed structure. It is not claimed that the physical characteristics of the land in any way preclude compliance with the ordinance. Property on the other side of the street has recently been *512 upgraded from an R-2 to an R-l District and the board made specific findings that “ such modification as requested herein would generally be detrimental to the general public, and more particularly to the neighboring property, and * * * the Board finds that there are no practical difficulties in carrying out the strict law of the Zoning Ordinances ’
In essence, petitioner claims that the denial of its application is arbitrary and capricious because, at the same time, the board granted several similar applications by petitioner involving properties in other locations. This fact, standing alone, affords no ground for relief.
Respondents claim that the application is for a “ use ” variance and, concededly, the record is barren of evidence to support the granting of such. (Matter of Otto v. Steinhilber, 282 N. Y. 71.) Petitioner asserts that the variance sought is one of ‘ ‘ area ’ ’ and that it has made sufficient showing of practical difficulty to entitle it to the relief sought. While, in the circumstances here presented, I am inclined to think that the variance sought is one of “ use ”, the distinction becomes increasingly difficult to define (Matter of Wilcox v. Zoning Bd. of Appeals, 17 N Y 2d 249), and, in arriving at my decision, I do not find it necessary to make such a determination.
The board's power to grant variances is derived from the Rochester Zoning Ordinance and section 115-6 of that ordinance defines “ variance ” as “ a modification or variation of the provisions of this chapter where, owing to peculiar or unusual conditions pertaining to a specific piece of property or adjoining property, the strict application of the provisions of this chapter would result in practical difficulties or unnecessary hardship on the owner of such specific piece of property ”. (Emphasis supplied.) The practical difficulty here claimed has no particular relationship to the specific property involved but rather would seem to apply to all such building undertaken by the petitioner and, in applying the Zoning Ordinance, I am unable to distinguish petitioner’s plight from that of an individual who cannot afford to build a garage or whose prospective lender will not permit him to do so. I therefore agree with the board’s finding that the petitioner has not demonstrated practical difficulty within the contemplation of the ordinance.
While the existence of practical difficulty or unnecessary hardship is prerequisite to granting a variance, their presence does not necessarily mandate it, and I am unable to say that the board’s finding that the requested modification would be detrimental to neighboring property was made arbitrarily or without supporting evidence.
*513 Petitioner urges that the application should be given special consideration because of the public welfare to be served by the proposed construction. By the provisions of the Public Housing Law (§ 155), petitioner’s projects are subject to the city’s zoning ordinances, and if the public’s interest requires that the ordinance be altered to meet petitioner’s requirements, such determination must be made by the City Council and not by the Board of Appeals or this court. (Hewlett v. Town of Hempstead, 3 Misc 2d 945, affd. 1 A D 2d 954.)
The petition is dismissed, without costs.