James C. Ripton, Esq. Massapequa, New York
You have asked whether one person may simultaneously serve as a commissioner of a water district located in your town and as a member of the town's board of zoning appeals.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interest created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent inconsistency in the positions.
It is well established that municipalities are not subject to zoning when engaging in governmental functions. (See 1980 Op Atty Gen [Inf] 238.) A town water district supplying water for consumption and fire protection is engaged in a governmental function (Barnathan v Kramer, 44 Misc.2d 203
[Sup Ct, Nassau Co, 1964]). It follows that no zoning question directly affecting the district's use of its land can come before the town board of zoning appeals. Thus, there is no inevitable conflict between the board and the water district. The only conflict that could arise before the board of zoning appeals would be a situation where the water district opposed a zoning change on property belonging to others. This would be a typical conflict of interest situation in which the board member could properly disqualify himself from participation in the matter.
We conclude that a commissioner of a town water district may simultaneously serve as a member of the town's board of zoning appeals.
The Attorney General renders forml opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.