John M. Reed, Esq. Town Attorney, Pawling
You have asked whether an incorporated fire company constituting the fire department of a town fire district must comply with town zoning and building regulations. The fire company is using its own funds to construct a firehouse in the town.
Fire corporations are incorporated under the provisions of the Not-For-Profit Corporation Law (§§ 404[f], 1402). The certificate of incorporation of a fire corporation must have an endorsement indicating the approval of the authorities of the city, village, town or fire district in which the corporation proposes to act (id., § 404[f]). Fire corporations are under the control of the city, village, fire district or town authorities having control over the prevention or extinguishment of fires in such areas (id., § 1402[e]). These authorities may adopt rules and regulations for the government and control of fire corporations (ibid.).
A fire district is a political subdivision of the State (Town Law, §174[6]). The board of fire commissioners of a fire district may adopt rules and regulations governing all fire companies and fire departments in the district and prescribing the duties of their members (id., § 176[11]). Under the direction of the board of fire commissioners, the chief has supervision of the engines, fire trucks, pumpers, hose wagons and of other equipment and property used for the prevention or extinguishment of fire (id., § 176-a[1]).
While a fire corporation may own equipment and real property, we believe it is clear from the above provisions that property of a fire corporation utilized for fire fighting and fire prevention purposes is under the jurisdiction and control of the fire commissioners of the fire district (1932 Op Atty Gen [Inf] 248; 1955 Op Atty Gen [Inf] 91; 1964 Op Atty Gen [Inf] 161). Thus, we believe that the construction of a firehouse by a fire corporation in a fire district to be used for fire fighting and fire prevention purposes is the exercise of a governmental function by a political subdivision of the State. It has been decided that municipalities are not subject to zoning or building regulations in the performance of their governmental functions (Oswald v Westchester Co. ParkCommission, 234 N.Y.S.2d 465 [S Ct, Westchester Co, 1962], affd18 A.D.2d 1139 [2d Dept, 1963]; Village of Larchmont v Town ofMamaroneck, 239 N.Y. 551 [1924]; County of Westchester v Village ofMamaroneck, 22 A.D.2d 143 [2d Dept, 1964], affd 16 N.Y.2d 940 [1965]). These exemptions from police power regulations are founded on the principle that governmental duties must be exercised free of supervision or control (ibid.). We believe that these principles apply with equal force to activities of a fire department of a fire district.
We conclude that in constructing a firehouse to be utilized for fire fighting or fire prevention, a fire corporation in a fire district need not comply with town zoning and building regulations.