Vincent J. Sorrentino, Esq. Town Attorney, Hamburg
You have asked whether a proposed building owned by the South Towns sewer agency is subject to the New York State Uniform Fire Prevention and Building Code, enforced by the Town of Hamburg building inspector as the code enforcer.
You have explained that the South Towns sewer agency is a division of county government and desires to construct a three-car garage on property it owns in the Town of Hamburg. The sewer agency believes that as a governmental agency it is exempt from the building code, relying upon Inthe Mtr. of County of Monroe, sl opn, No. 257 (Ct of App, Oct. 20, 1988). As we discuss below, the Monroe case is not applicable since the issue is not whether the South Towns building is subject to enforcement by the Town of Hamburg but whether it is subject to the State Code. We conclude it is.*
The foregoing case law is, we believe, inapplicable to whether a local government is subject to State requirements. Indeed, in enacting the provisions of the New York State Uniform Fire Prevention and Building Code, the Legislature has established clear policy with respect to public buildings. In its statement of legislative findings and purposes, the Legislature has declared that it is the public policy of the State of New York to "place public and private buildings on an equal plane with respect to fire prevention and adequacy of building construction" (Executive Law, Art 18, § 371[3]).** Implementing this statement of policy, the regulations provide that a city, village, town or county is accountable for administration and enforcement of the Uniform Code with respect to its own buildings and with respect to the buildings of any special purpose unit of local government created by the local government or for its benefit (19 NYCRR 441.2[a], [b]). Notably, the local government is given this responsibility irrespective of the location of its building.
Thus, it is clear that all local government buildings, no matter how used, are subject to the provisions of the New York State Uniform Fire Prevention and Building Code. You have stated that the South Towns sewer agency is a division of county government. Under 19 NYCRR 441.2(a) or (b), the County has responsibility for enforcement of the Uniform Code with respect to South Towns' buildings, no matter where located.
We conclude that a proposed building of the South Towns sewer agency, a division of county government, is subject to the provisions of the New York Uniform Fire Prevention and Building Code which is enforced by the County.
* Under Monroe, the County would not automatically be immune even from regulation by another municipality. Regulation would depend on the legislative intent behind the statutory authority under which the County was proceeding and if that is not determinative, upon a balancing involving the application of a number of factors to be weighed in determining whether land use regulations apply to a use by a governmental entity located within the boundaries of another local government. We note that in Monroe, the Court expressly replaced the old rule that property of a governmental entity was exempt from land use regulations provided that the particular use was governmental rather than proprietary in nature (see Nehrbas v Inc. Village of Lloyd Harbor, 2 N.Y.2d 190 [1957];Village of Larchmont v Town of Mamaroneck, 239 N.Y. 551 [1924]).
** Note that there are two Article 18s. The New York State Uniform Fire Prevention and Building Code Act is set forth in McKinney's Consolidated Laws of New York, Main Volume, p 672 (1982).